UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-216(4) (DWF/DTS) |
| | Civil No. 25-472 (DWF) |
| Respondent-Plaintiff, | |
| v. | MEMORANDUM |
| | OPINION AND ORDER |
| Taurean Curtis Jackson, | |
| Petitioner-Defendant. | |

# INTRODUCTION

This matter is before the Court on Petitioner-Defendant Taurean Curtis Jackson's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. 212) and request for disclosure of a DEA-7 report (Doc. No. 213). The United Staes of America (the "Government") moves to dismiss Jackson's § 2255 motion as untimely and otherwise argues that the Court should deny his DEA-7 request. (Doc. No. 231.) Jackson has filed many related motions, ten of which remain pending on the docket. (Doc. No. 218, 226, 230, 232-35, 238-39, 241.) The Court addresses all thirteen motions below.

# BACKGROUND

Jackson pleaded guilty to conspiracy to distribute fentanyl on March 30, 2022. (Doc. No. 94.) The Government and Jackson entered into a plea agreement that was submitted to the Court on the same day. (Doc. No. 95.) Relevant to Jackson's present motions, his plea agreement contains factual basis admissions and a waiver of pretrial motions. (*Id.* ¶¶ 2-3.) On July 12, 2022, this Court sentenced Jackson to a 120-month

prison term to be followed by a five-year term of supervised release. (Doc. No. 163.) Judgment was entered on July 20, 2022. (*Id.*) Jackson did not appeal his conviction.

On February 6, 2025, Jackson filed the present motion to vacate under 28 U.S.C. § 2255 (Doc. No. 212), his first § 2255 motion, and a request for disclosure of a DEA-7 report (Doc. No. 213). Subsequently, Jackson filed ten related motions: (1) a motion for vacatur of his conviction and sentence, immediate release, and expungement of all records (Doc. No. 218); (2) an expedited request for judicial notice of undisputed facts (Doc. No. 226); (3) a motion to compel immediate release due to unjust delay and government misconduct (Doc. No. 230); (4) a motion to unseal orders (Doc. No. 232); (5) two motions to strike the Government's response (Doc. Nos. 233, 238); (6) a motion to deny the Government's motion to dismiss (Doc. No. 234); (7) two other motions to compel (Doc. Nos. 235, 241); and (8) a motion to void judgment (Doc. No. 239).

## DISCUSSION

**I.  Motion to Vacate Under 28 U.S.C. § 2255**

**A.  Analysis**

Section 2255 gives federal prisoners a method to attack their sentence under various circumstances, including if there was a constitutional error, some other error of law, or a lack of jurisdiction. 28 U.S.C. § 2255(a); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022). A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). That period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Here, Jackson did not appeal his judgment of conviction, so it became final on August 3, 2022, fourteen days after it was entered. *See* Fed. R. App. P. 4(b)(1)(A). Jackson filed his § 2255 motion on February 6, 2025, more than two years after his judgment of conviction became final. Thus, his motion is untimely under § 2255(f)(1).

Jackson argues that the statute of limitations should not bar his motion because he discovered new facts that could not have been discovered previously through due diligence. Specifically, he asserts that the Government did not maintain a DEA-7 report for the drugs in this case and argues: "Since this fact was unknown to me at the time of sentencing, it qualifies as newly discovered evidence, justifying an exception to the one-year time limit." (Doc. No. 212 at 3.) This is insufficient under § 2255(f)(4). Jackson could have discovered the alleged lack of DEA-7 report at an earlier date. This information was likely available at or before the time of sentencing and could have been discovered through due diligence at a date around that time. For example, the Government explained that it provided Jackson with a copy of the related DEA-113 report during discovery, before he entered the plea agreement. (Doc. No. 231 at 2.) To the extent that Jackson suggests that ineffective assistance of his previous counsel

3

prevented him from raising this claim earlier, that statement is conclusory, and Jackson has not provided any facts to support this conclusion whatsoever.

In conclusion, the relevant date for calculating the statute of limitations is the date that Jackson's judgment of conviction became final, which is August 3, 2022. Jackson did not bring his § 2255 motion before August 3, 2023, so his motion is time-barred and must be dismissed for lack of jurisdiction. Accordingly, the Government's motion to dismiss (Doc. No. 231) is granted.

Even if Jackson's motion was timely, his claims have no merit. In his plea agreement he agreed to the "factual basis" of his crime of conviction, conspiracy to distribute fentanyl. In that factual basis, Jackson admitted:

> From in or about January 2021 and continuing through on or about September 21, 2021, the defendant conspired with [his co-defendants] and others to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl. . . . The defendant was to receive one kilogram of the fentanyl powder from the load. . . . The defendant stipulates and agrees that he conspired with others to distribute 400 grams or more of fentanyl, that he knowingly attempted to possess the above-described drugs, that he acted voluntarily, and that he knew his actions violated the law.

(Doc. No. 95 ¶ 2.) The existence of a DEA-7 report or other laboratory testing is irrelevant because Jackson admitted to the drug quantity that led to the application of the mandatory minimum under 18 U.S.C. § 841(b)(1)(A). The quantity did not need to be "verified" as Jackson suggests because he admitted to the quantity. It would have been improper for his counsel to challenge the drug quantity at his sentencing on those grounds, and it is improper grounds now for a § 2255 motion.

Additionally, Jackson seems to allege that the drugs involved in his case were never tested in a laboratory, but that is directly contradicted by his presentence investigation report. (*See* Doc. No. 142 at 5.) Moreover, the Government confirmed that a copy of the DEA-113 form, which contains the laboratory testing information, was provided to Jackson as part of discovery in this case. (Doc. No. 231 at 2.)

### B.   Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Jackson's claims. A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Jackson's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

### C.   Certificate of Appealability

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, the Court concludes that no issue raised

5

is debatable among reasonable jurists. Therefore, Jackson has not made the substantial showing necessary for the issuance of a COA.

II.     **Request for Disclosure of DEA-7 Report**

Relatedly, Jackson requests that the Court order the Government to disclose the DEA-7 report from his case or admit that it does not exist. (Doc. No. 213.) The Court construes this request as a discovery request under Rule 16 of the Federal Rules of Criminal Procedure or Rule 6 of the Rules Governing § 2255 Proceedings. First, Rule 16 motions are categorized as pretrial motions under the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 12(b)(3)(E). Jackson properly waived his right to pursue any pretrial motions under the plea agreement (*see* Doc. No. 95 ¶ 3), so this request is barred on those grounds. Second, the Court has dismissed Jackson's § 2255 motion, so any discovery request related to that motion is moot. Accordingly, his request for disclosure of the DEA-7 report is denied.

III.    **Jackson's Other Motions**

The ten other pending motions relate to Jackson's § 2255 motion and his DEA-7 request. The Court addresses them briefly.

First, Jackson moves for vacatur of his conviction and sentence, immediate release, and expungement of all records related to this case. (Doc. No. 218.) This motion is moot because the Court determined above that Jackson is not entitled to relief under § 2255.

Second, Jackson requests expedited judicial notice of the undisputed fact that a DEA-7 report was not produced. (Doc. No. 226.) This request is moot given the Court's

ruling that the Government is not required to produce such a report. The Court never ordered the production of such a report and Jackson's sentence is not unlawful without such a report.

Third, Jackson moves to compel his immediate release due to unjust delay and government misconduct. (Doc. No. 230.) There has been no unjust delay nor any government misconduct in this case. The Government's response (Doc. No. 231) was timely (*see* Doc. No. 223). The Court granted a one-week extension to the Government, which was well within the Court's authority. The Court has not sealed any orders on the docket, as explained in the next paragraph. This motion is denied.

Fourth, Jackson moves to unseal orders at Docket Entries 215, 223, 227, and 229. (Doc. No. 232.) This motion is moot because no portion of those orders is sealed. Docket Entries 215, 223, 227, and 229 are text only orders. A text only order is an order issued by the Court that only appears on the docket and does not have an attached PDF of a formal paper order. The docket entry itself *is* the order. Courts are not required to issue a formal paper order in response to every motion they receive. Many small procedural issues are dealt with via text only orders. The four text only orders Jackson refers to are visible on the public docket. They are not sealed from the public. There are no attachments to those docket entries. This motion is denied as moot.

Fifth, Jackson filed two motions to strike the Government's response. (Doc. Nos. 233, 238.) Jackson claims that the Government's response (Doc. No. 231) was untimely and otherwise deficient. As the Court explained above, the Government's response was timely. Additionally, Jackson's assertions of deficiency have no legal basis,

7

are otherwise conclusory, and falsely accuse the Government of violating a previous order of this Court. The Court never ordered the production of a DEA-7 report. Therefore, these motions are denied.

Sixth, Jackson moves to deny the Government's motion to dismiss. (Doc. No. 234.) This motion is moot because the Court granted the Government's motion to dismiss.

Seventh, Jackson filed a motion to compel (Doc. No. 235) and a renewed motion to compel (Doc. No. 241). As explained above, Jackson cannot compel production of the DEA-7 report or any other DEA laboratory records because he waived all pretrial motions and his § 2255 motion has been denied. These motions are denied.

Lastly, Jackson moves to vacate his judgment of conviction (Doc. No. 163) under Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Doc. No. 239.) Jackson argues that the Court lacked subject matter jurisdiction when it sentenced him, so his judgment of conviction is void and must be vacated. He alleges lack of subject matter jurisdiction based on "critical constitutional and evidentiary failure," the "complete omission of a DEA-7 laboratory report," the Court's reliance on a drug quantity that was not "scientifically proven," Confrontation Clause violations, and ineffective assistance of counsel. (*Id.*) Many of these arguments have no legal basis and others are completely inapplicable to Jackson's case.

Jackson was charged with and pleaded guilty to conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. This charge comes from the U.S. Code, which is comprised of the laws enacted by Congress. As a federal district

court, this Court had subject matter jurisdiction over the case against Jackson because it is an "offense[] against the laws of the United States." 18 U.S.C. § 3231; *see also Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 268-69 (2023). The laws of the United States include the U.S. Code. His claims about constitutional violations are conclusory and unsupported. As explained above, the drug quantity used at sentencing came directly from Jackson's own admissions in the plea agreement. No additional laboratory testing was required. There is no defect in his conviction that strips the Court of subject matter jurisdiction, accordingly, this motion is denied.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The Government's motion to dismiss Petitioner-Defendant's motion to vacate under 28 U.S.C. § 2255 as time-barred (Doc. No. [231]) is **GRANTED**.

2. Petitioner-Defendant Taurean Curtis Jackson's motion to vacate under 28 U.S.C. § 2255 (Doc. No. [212]) is **DISMISSED WITHOUT PREJUDICE** as untimely.

3. Petitioner-Defendant Taurean Curtis Jackson's request for disclosure of DEA-7 report (Doc. No. [213]) is **DENIED**.

4. Petitioner-Defendant Taurean Curtis Jackson's motion for vacatur of his conviction and sentence, immediate release, and expungement (Doc. No. [218]) is **DENIED AS MOOT**.

5. Petitioner-Defendant Taurean Curtis Jackson's expedited request for judicial notice of undisputed facts (Doc. No. [226]) is **DENIED AS MOOT**.

6. Petitioner-Defendant Taurean Curtis Jackson's motion to compel immediate release due to unjust delay and government misconduct (Doc. No. [230]) is **DENIED**.

7. Petitioner-Defendant Taurean Curtis Jackson's motion to unseal orders at Docket Entry Numbers 215, 223, 227, and 229 (Doc. No. [232]) is **DENIED AS MOOT**.

8. Petitioner-Defendant Taurean Curtis Jackson's motion to strike the Government's response (Doc. No. [233]) is **DENIED**.

9. Petitioner-Defendant Taurean Curtis Jackson's motion to deny the Government's motion to dismiss (Doc. No. [234]) is **DENIED AS MOOT**.

10. Petitioner-Defendant Taurean Curtis Jackson's motion to compel (Doc. No. [235]) is **DENIED**.

11. Petitioner-Defendant Taurean Curtis Jackson's motion to strike the Government's response (Doc. No. [238]) is **DENIED**.

12. Petitioner-Defendant Taurean Curtis Jackson's motion to void judgment (Doc. No. [239]) is **DENIED**.

13. Petitioner-Defendant Taurean Curtis Jackson's renewed motion to compel (Doc. No. [241]) is **DENIED**.

14. No evidentiary hearing is required in this matter.

15. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 7, 2025                          s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge