UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Respondent-Plaintiff,

v.

Taurean Curtis Jackson,

        Petitioner-Defendant.

Criminal No. 21-216(4) (DWF/DTS)
Civil No. 25-472 (DWF)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Taurean Curtis Jackson's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 247.) For the reasons discussed below, the Court denies the motion.

## DISCUSSION

The factual background of this case was properly laid out in the Court's order dated April 7, 2025 (the "April 7th Order"). (Doc. No. 245.) Jackson now moves to alter or amend that order under Rule 59(e) of the Federal Rules of Civil Procedure. He argues that the April 7th Order "contains clear errors of law and fact and fails to address the constitutional violations raised under 28 U.S.C. § 2255 and Rule 60(b)." (Doc. No. 247 at 1.) Specifically, he accuses the Court of misapplying § 2255's statute of limitations, ignoring his ineffective assistance of counsel claim, improperly denying a Certificate of Appealability ("COA"), ruling on fabricated motions, and sealing orders.

Rule 59(e) allows a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The limited purpose of Rule 59(e) is "correcting manifest errors of law or fact or to present newly discovered evidence." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). A Rule 59(e) motion may not be used to relitigate old issues. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also United States v. McElrath*, No. 03-cr-235, 2009 WL 1657453, at *1 (D. Minn. June 11, 2009).

Jackson has not demonstrated any manifest errors of law or fact. Instead, he reraises arguments about the accrual date for the statute of limitations and ineffective assistance of counsel. Jackson also incorrectly asserts that the Court improperly applied the COA standard. The Court appropriately applied the COA standard in the April 7th Order and found that there was no issue which reasonable jurists could debate. Jackson's other accusations about fabricating and sealing docket entries are totally false. He refers to Docket Entry 243, which is a text order denying Jackson's motion for immediate ruling. Nothing about that entry or the underlying motion was fabricated. Further, the Court has not sealed any orders in Jackson's case. The Court has explained that a text only order is not a sealed order twice now and will not repeat itself here. In sum, there are no manifest errors of law or fact. Accordingly, Jackson's motion is denied.

### EVIDENTIARY HEARING

A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations

2

cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Jackson's allegations and the record, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order denying a § 2255 motion without a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, the Court concludes that no issue raised is debatable among reasonable jurists. Therefore, Jackson has not made the substantial showing necessary for the issuance of a COA.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant's Taurean Curtis Jackson's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. No. [247]) is **DENIED**.

2. No evidentiary hearing is required in this matter.

3.      No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 11, 2025

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge