UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-216(4) (DWF/DTS) |
| | Civil No. 25-472 (DWF) |
| Respondent-Plaintiff, | |
| v. | ORDER |
| Taurean Curtis Jackson, | |
| Petitioner-Defendant. | |

This matter is before the Court on five motions from Petitioner-Defendant Taurean Curtis Jackson. The first and fifth motions seek relief from judgment under Federal Rule of Civil Procedure 60(b)(3) and (6). (Doc. Nos. 250, 256.) In these motions, Jackson reraises many arguments from his § 2255 motion (Doc. No. 212) and his motion to alter or amend judgment (Doc. No. 247). As the Court has explained, his arguments are meritless and, in some instances, utterly false. The Court properly addressed Jackson's claims in its previous orders (*see* Doc. Nos. 245, 248), no fraud has been committed by the U.S. Attorney's Office or the Court, Jackson's constitutional rights have been honored, and there are no other extraordinary circumstances that justify relief. *See Buck v. Davis*, 580 U.S. 100, 123 (2017).

Additionally, to the extent that Jackson requests that the Court void his sentencing judgment (Doc. No. 163) under Rule 60(b) instead, the motion is more appropriately characterized as a second or successive § 2255 motion. *See Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir.

2002) (per curiam).  Because Jackson did not obtain authorization to file a second or successive § 2255 motion from the Eighth Circuit Court of Appeals, the Court must deny his motion.  *See* 28 U.S.C. § 2255(h).

The second, third, and fourth motions take issue with the "classification" of other motions by the Clerk's Office and repeat fraud arguments.  (Doc. Nos. 251, 253, 255.)  The Court respectfully denies these motions as moot.  The Clerk's Office has docketed all filings it has received from Jackson in line with its standard filing procedure.  While the event code chosen by the Clerk's Office can be a helpful tool, it is ultimately irrelevant to the Court's decision on a motion.  The Court reviews all filings and rules based on the contents of the document, not based on the assigned event code.

The Court recognizes Jackson's frustration, but even without the procedural bars to his motions, his DEA-7 and related allegations are insufficient to challenge his sentence.  The Court encourages him to reread its April 7th Order which explains the factual basis of his plea agreement and the implications of that factual basis.  Despite the Court's additional explanation in its orders, Jackson persists in his arguments and false accusations.  If he continues to file motions reiterating these same arguments and accusations, the Court may restrict his ability to file future motions related to this matter.

**IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Taurean Curtis Jackson's motion to set aside void judgment for extraordinary circumstances under Federal Rule of Civil Procedure 60(b)(6) (Doc. No. [250]) is **DENIED**.

2. Petitioner-Defendant Taurean Curtis Jackson's motion to correct docket classification of Docket Entry 250 (Doc. No. [251]) is **DENIED AS MOOT**.

3. Petitioner-Defendant Taurean Curtis Jackson's motion to strike misclassified docket entries and re-docket under correct Rule 60(b)(6) classification (Doc. No. [253]) is **DENIED AS MOOT**.

4. Petitioner-Defendant Taurean Curtis Jackson's motion to correct judicial suppression and preserve Article III review (Doc. No. [255]) is **DENIED AS MOOT**.

5. Petitioner-Defendant Taurean Curtis Jackson's Rule 60(b)(3) motion to set aside final judgment for fraud, misrepresentation, and misconduct by an opposing party (Doc. No. [256]) is **DENIED**.

6. No evidentiary hearing is required in this matter because no further credibility inquiry is necessary based on Petitioner-Defendant's allegations. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).

7. No Certificate of Appealability will be issued to Petitioner-Defendant because no issue is debatable among reasonable jurists. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 22, 2025

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge