UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,         Criminal No. 21-216(4) (DWF/DTS)

    Plaintiff,

v.         **ORDER**

Taurean Curtis Jackson,

    Defendant.

This matter is before the Court on nine *pro se* motions submitted by Defendant Taurean Curtis Jackson. (Doc. Nos. 264, 265, 268, 278, 282, 285, 287, 288, 292.) The Court previously stayed these motions because Jackson filed a notice of appeal. (Doc. No. 270.) On July 10, 2025, the Eighth Circuit dismissed the appeal. (Doc. No. 293.) The Court received the Eighth Circuit's mandate on August 26, 2025. (Doc. No. 294.) The pending motions largely reiterate arguments Jackson made in previous motions, so the Court briefly addresses each motion.

First, Jackson moves to vacate judgment under Rule 60(b). (Doc. No. 264.) The motion solely reiterates arguments from his first § 2255 motion and other Rule 60(b) motions. The Court has previously explained that these arguments are meritless, so the motion is denied. Consequently, Jackson's motion to expedite ruling on the Rule 60(b) motion (Doc. No. 278) is denied as moot.

Next, Jackson filed two motions to correct docket entries. (Doc. Nos. 265, 268.) The Court has previously explained that docket entry classification is irrelevant to the

Court's consideration of a motion. (*See* Doc. No. 257 at 2.) Therefore, the Court denies these motions as moot.

Jackson's fifth, sixth, seventh, and eighth motions all pertain to his request for the undersigned's recusal. (Doc. Nos. 282, 285, 287, 288.) A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Thus, when evaluating a motion for disqualification or recusal, the Court considers "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002)). Judges are presumed to be impartial, so the party requesting disqualification "bears the substantial burden of proving otherwise." *Id.* (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Jackson has not carried his burden. He accuses the Court's staff of concealing judicial misconduct complaints. The Court and its staff have done no such thing. Jackson even acknowledges that he sent his complaints to the Eighth Circuit, not to this Court. Therefore, his motion for recusal (Doc. No. 282) and request to reassign this case to the Chief Judge (Doc. No. 287) are denied. The related motions requesting a stay pending resolution of the recusal motion (Doc. No. 285) and to vacate all orders entered after April 28, 2025 (Doc. No. 288) are denied as moot.

Lastly, Jackson moves for the appointment of counsel. The Court denies the motion. There is no right to counsel in postconviction proceedings beyond a defendant's first appeal of right. *See Garza v. Idaho*, 586 U.S. 232, 237, 245-46 (2019).

2

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Taurean Curtis Jackson's motion to vacate judgment under Rules 60(b)(1), 60(b)(3), and 60(b)(6) (Doc. No. [264]) is **DENIED**.

2. Defendant Taurean Curtis Jackson's motion to correct docket entry for Docket Entry 256 (Doc. No. [265]) is **DENIED AS MOOT**.

3. Defendant Taurean Curtis Jackson's emergency motion to correct docket entry for Docket Entry 264 (Doc. No. [268]) is **DENIED AS MOOT**.

4. Defendant Taurean Curtis Jackson's motion to expedite ruling on Rule 60(b) motion (Doc. No. [278]) is **DENIED AS MOOT**.

5. Defendant Taurean Curtis Jackson's emergency motion for judicial recusal under 28 U.S.C. § 455(a) (Doc. No. [282]) is **DENIED**.

6. Defendant Taurean Curtis Jackson's emergency motion to stay proceedings pending resolution of judicial recusal (Doc. Nos. [285]) is **DENIED AS MOOT**.

7. Defendant Taurean Curtis Jackson's motion requesting reassignment of this case to Chief Judge Patrick J. Schiltz (Doc. No. [287]) is **DENIED**.

8. Defendant Taurean Curtis Jackson's motion to vacate all orders entered after April 28, 2025 (Doc. No. [288]) is **DENIED AS MOOT**.

9. Defendant Taurean Curtis Jackson's emergency motion for appointment of counsel (Doc. No. [292]) is **DENIED**.

Dated: September 10, 2025         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge